**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DENNIS COPLING, :
: Civil Action No. 05-6010 (JBS)
      Petitioner, :
:
:
      v. : **OPINION**
:
RONALD CATHEL, et al., :
:
      Respondents. :

**APPEARANCES:**

    DENNIS COPLING, Plaintiff pro se
    #289645-106257C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    JASON MAGID, ASSISTANT PROSECUTOR
    CAMDEN COUNTY PROSECUTOR'S OFFICE
    25 North Fifth Street
    Camden, New Jersey 08102
    Counsel for Respondents

**SIMANDLE,** Chief Judge

    THIS MATTER comes before the Court on the motion of Respondents to seal materials in accordance with Local Civil Rule 5.3. (See Docket entry nos. 16 and 17). Petitioner has not opposed the motion. This motion is being considered on the papers, pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, Respondents' motion will be granted.

I.  BACKGROUND

Petitioner, Dennis Copling, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on or about December 27, 2005.  By Order entered on February 28, 2006, the petition was dismissed without prejudice pursuant to Petitioner's request to exhaust additional claims in state court so as to later file his one all-inclusive habeas petition.  (Docket entry no. 4).  On June 8, 2011, Petitioner filed a motion to reopen this case.  (Docket entry no. 5).  This Court granted Petitioner's request, and in an Order entered on December 22, 2011, the Court directed Respondents to answer the petition and provide the relevant state court record.  (Docket entry no. 6).  On April 12, 2012, Respondents filed an answer to the habeas petition with the relevant state court record.  (Docket entry no. 14).  On the same date, Respondents filed a motion to seal part of the record, pursuant to L.Civ.R. 5.3.  (Docket entry no. 16).  Namely, Respondents seek to seal the adult presentence investigation report ("PSIR") that was prepared relative to Petitioner's sentence following his conviction at trial.  Respondents state that the PSIR is part of the state court record and was provided to Petitioner through his trial counsel during the state court proceedings in accordance with New Jersey Court Rules.  However, given the confidential nature of the information contained in a PSIR, Respondents contend that the documents should be sealed

under the provisions of L.Civ.R. 5.3 for purposes of the habeas proceedings.

## II.   DISCUSSION

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves.  See Allyn Z. Lite, N.J. Federal Practice Rules, Comment 1 to L.Civ.R. 5.3 (Gann 2009).  Under L.Civ.R. 5.3(c)(2), a party seeking an Order to seal materials or judicial proceedings must describe:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, © the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The Court finds that under the standard enunciated above, there is good cause to seal Petitioner's state PSIR.  First, the PSIR is a material that should be sealed under the rules governing the State of New Jersey, and thus falls within the purview of L.Civ.R. 5.3(a)(3).  Presentence investigation reports are subject to rules of confidentiality.  While N.J.Civ.R. 3:21-2(a) allows the PSIR to be furnished to the defendant and prosecutor, the PSIR should not be made a matter of public record.  State v. DeGeorge, 113 N.J. Super. 542, 544 (App. Div 1971).  See also State v. Boiardo, 82 N.J. 446, 463 n. 14 (1980).  Moreover, presentence investigative reports in federal criminal

3

cases are presumed to be confidential.  See generally Comment 3b to Local Criminal Rule 32.1.

Second, there is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest in gaining access to the court-filed document (PSIR).  Finally, there does not appear to be any less restrictive alternative to protect disclosure of this confidential material.  Thus, the Court recognizes that sealing the PSIR is necessary to protect Petitioner's privacy interests and there is no less restrictive alternative available than sealing the PSIR at this time.  See Oliver v. N.J. State Parole Bd., 2007 U.S. Dist. LEXIS 21136 (D.N.J. Mar. 26, 2007)(Hochberg)(granting defendant's motion to seal diagnostic and evaluative assessments of plaintiff prisoner because there was no less restrictive alternative to protect the prisoner's privacy interest).

Therefore, this Court will grant Respondents' motion to seal the PSIR.

III. <u>CONCLUSION</u>

For the reasons set forth above, Respondents' motion to seal Petitioner's state PSIR pursuant to <u>L.Civ.R.</u> 5.3, (Docket entry no. 16), will be granted.  An appropriate order follows.


    <u>s/ Jerome B. Simandle</u>
JEROME B. SIMANDLE
Chief U.S. District Judge

Dated: **December 19, 2012**